**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                         Case No. 08-10226

ONE 2003 CHEVROLET AVALANCHE, et al.,

    Defendants *in Rem*.
                                            /

**ORDER GRANTING MOTION FOR RECONSIDERATION,
VACATING DECEMBER 27, 2010, ORDER, AND SETTING DEADLINE FOR
ATTORNEY DANIEL TREUDEN TO FILE AN APPEARANCE**

Claimants[1] Albert and Judith Hodgson's attorney, Robert E. Barnes, has filed a "Motion to Reconsider" the court's December 27, 2010, order vacating in part the court's November 22, 2010, order granting Claimants' motion to waive the local counsel requirement. To prevail on the motion, Claimants "must not only demonstrate a palpable defect by which the court and the parties . . . have been misled but also show that correcting the defect will result in a different disposition of the case." E.D. Mich. LR 7.1(h)(3). It amounts to a showing that persuades the court to relent.

The court originally waived the local counsel requirement in this matter, contrary to its usual practice, in order to reduce the cost of litigation to Claimants. The court then vacated that waiver after repeated attempts by both the court's case manager and the

---

[1] Pacificherbal, LLC, has also filed a Notice of Claim in this matter. The use of "Claimants" in this order refers only to Albert and Judith Hodgson, and not to Pacificherbal, LLC.

Government to communicate with Barnes were unsuccessful, and the court ordered Claimants to obtain local counsel by January 14, 2011.

In his motion, Barnes asserts that he "was under a misapprehension that certain facts had been communicated with court staff," and that the reason he was difficult to contact is that he is suffering from walking pneumonia. (Mot. 1.) The motion further provides that "this is the first case of any . . . issue" regarding his responsiveness to "procedural concerns" of the courts, and he assures the court it will not happen again. (*Id.* at 3.) Noting the financial burdens of his clients, Barnes asks the court "not [to] impose additional costs or fees on" Claimants for his own errors. (*Id.* at 4.)

Barnes consulted with counsel for the Government, per the local rules, and avers that the Government has no position on the pending motion, but if granted, would ask the court to require attorney Daniel Treuden of Barnes's firm to enter an appearance, which Barnes offers in any case. (*Id.* at 3-4.) While the motion states that Treuden "will file his motion to appear *pro hac vice* . . . on or before January 14, 2011," (*id.* at 3), no notice of appearance has been filed.

The court finds that Barnes's illness and any confusion among his staff in communicating with opposing counsel and the court constitute the functional equivalent of a "palpable defect by which the court" has been misled in revoking its waiver of the local counsel requirements. Therefore, the court will vacate that order of December 27, 2010, leaving the other order of that date intact, and will order Treuden to file an appearance by February 2, 2011. Accordingly,

IT IS ORDERED that Claimants' motion for reconsideration [Dkt. # 24] is GRANTED.

2

IT IS FURTHER ORDERED that the court's December 27, 2010, "Order (1) Vacating in Part Order Granting Motion to Waive Local Counsel Requirements, (2) Denying Motion to Waive the Local Counsel Requirements, and (3) Setting Deadline for Claimants Albert and Judith Hodgson to Obtain Local Counsel," [Dkt. # 22] is VACATED.

Finally, IT IS ORDERED that attorney Daniel Treuden is DIRECTED to file a notice of appearance in this matter no later than **February 2, 2011**.

      s/Robert H. Cleland
      ROBERT H. CLELAND
      UNITED STATES DISTRICT JUDGE

Dated: January 20, 2011

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, January 20, 2011, by electronic and/or ordinary mail.

      s/Lisa Wagner
      Case Manager and Deputy Clerk
      (313) 234-5522